UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
RICHARD N. QUINN, :
:
Plaintiff, :
: 10 Civ. 8692 (PAE) (JCF)
-v- :
: OPINION & ORDER
DANIEL L. STEWART, DOMINICK ORSINO, : ADOPTING REPORTS &
THOMAS ROOME, LORRAINE LEVITAS, MARIA : RECOMMENDATIONS
KARIMI, MD, CORRECTIONAL MEDICAL CARE :
INC., and COUNTY OF ORANGE, :
:
Defendants. :
:
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Richard Quinn, formerly incarcerated at the Orange County Correctional Facility ("OCCF"),[1] brings this action *pro se* pursuant to 42 U.S.C. § 1983 against Daniel L. Stewart, Dominick Orsino, Thomas Roome, Lorraine Levitas, Maria Karimi, Correctional Medical Care, Inc. ("CMC"), and the County of Orange, New York ("Orange County"), alleging violations of his Eighth Amendment right to adequate medical care and his First Amendment right to delivery of mail. For the reasons set forth below, the Court (1) adopts in full both Reports and Recommendations of the Magistrate Judge, Hon. James C. Francis; (2) makes an additional ruling that supplies an alternative ground for dismissal of Quinn's claim with respect to alleged tampering with his mail; and (3) grants defendants' motions to dismiss the Amended Complaint, except with respect to Quinn's Eighth Amendment claim of inadequate medical care for his cyst,

---

[1] Commissioner Stewart represents that Quinn is no longer incarcerated. *See* Mem. of Law in Supp. of Def. Stewart's Mot. to Dismiss at 1 n.2 (Dkt. 33).

anemia, gunshot wound, and back problems, to the extent brought against defendants Karimi and Levitas, as to which the Court denies the motion to dismiss.

I.    **Background**

    **A.  Procedural History**

On November 29, 2010, Judge Paul A. Crotty, to whom this case was then assigned, referred this case to Magistrate Judge James C. Francis for general pretrial matters and dispositive motions.

On April 7, 2011, defendant Stewart moved to dismiss all claims against him pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  On July 26, 2011, Judge Francis issued a Report and Recommendation ("First Report") recommending that the Court dismiss Quinn's Amended Complaint as to Stewart (Dkt. 42).  On August 16, 2011, Quinn timely filed a two-page letter, which was deemed by the Court to be his objections to the First Report.  On August 26, 2011, Stewart submitted a response to Quinn's objections.

On October 31, 2011, defendants Orsino, Roome, Levitas, Karimi, CMC, and Orange County (collectively, "OCCF defendants") moved to dismiss all claims against them pursuant to Rules 12(b)(1) and 12(b)(6).  On January 18, 2012, Judge Francis issued a Report and Recommendation ("Second Report") that the Court dismiss Quinn's Amended Complaint as to Orsino, Roome, CMC, and Orange County, but not as to Karimi and Levitas (Dkt. 67).  On January 31, 2012, Quinn timely submitted his objections to the Second Report.  On February 1, 2012, Quinn submitted a letter styled as an addendum to his objections to the Second Report.[2]

---

[2] Quinn's objections to the Second Report, as well as the subsequent addendum to his objections, were sent directly to Chambers, and thus are not docketed.  The Court has directed that these submissions be docketed, retroactive to the dates they were received: January 31, 2012, and February 1, 2012, respectively.

### B. Facts

Quinn was a pre-trial detainee at OCCF at all times relevant to this claim. He claims to have received inadequate medical care while incarcerated, and that OCCF officials deliberately interfered with the delivery of his legal mail. The Court adopts all relevant facts as stated in the First Report (Dkt. 42) and the Second Report (Dkt. 67).

### C. Judge Francis's First Report

Commissioner Stewart moved to dismiss the Amended Complaint on the grounds that: (1) Quinn failed to adequately plead his claims; (2) Quinn failed to exhaust his administrative remedies; (3) Quinn failed to state a claim; (4) Stewart lacked personal involvement in the alleged constitutional deprivation; (5) Stewart is entitled to qualified immunity; and (6) claims against state officials, like Stewart, are barred by the Eleventh Amendment.

*1. Administrative Exhaustion*

Judge Francis first addressed Stewart's claim that Quinn had failed to exhaust all available administrative remedies. Quinn made five separate grievances while in custody at OCCF: He alleged (1) inadequate medical care for a colloid cyst and brain tumor, anemia, a gunshot wound, and back problems; (2) inadequate treatment for Hepatitis C; (3) an erroneous prescription for nasal spray; (4) mail tampering; and (5) improper denial of permission to wear "thermals." As to the first grievance, Judge Francis found that Quinn had exhausted all administrative remedies for that claim. However, as to the second, relating to his treatment for Hepatitis C, Judge Francis found that because Quinn had not received a final decision with respect to that grievance at the time he filed his original Complaint, he had not exhausted his administrative remedies. As to the three remaining claims—relating to the nasal spray prescription, the alleged mail tampering, and authorization to wear thermals—Judge Francis

found that because Quinn had filed his initial grievances with respect to those claims after the date on which he filed his original Complaint, he had not exhausted his administrative remedies as to those claims.

### 2. *Eighth Amendment*

Judge Francis next addressed Stewart's argument that Quinn had failed to state an Eighth Amendment claim. To establish an Eighth Amendment claim arising out of allegedly inadequate medical care, a prisoner must demonstrate first an objective "medical need," and second, a subjective finding that the prison official acted with "deliberate indifference," or a "sufficiently culpable state of mind." *Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003). Judge Francis found that in light of the relaxed pleading standards for *pro se* complaints, Quinn's general and conclusory statements supporting the allegation that he suffered substantial pain sufficiently alleged facts to satisfy the objective prong of an Eighth Amendment claim. However, as to the subjective prong, Judge Francis found that based on the facts pled in the Amended Complaint, Stewart was not, as alleged, personally involved in the inadequate medical care, and thus, that Quinn had failed to allege a sufficiently culpable state of mind to satisfy the subjective prong of that claim.

Accordingly, as to Stewart, Judge Francis recommended dismissal of Quinn's claim for inadequate medical care on the basis of a failure to plead sufficient personal involvement, and dismissal of all remaining claims based on a failure to exhaust all administrative remedies.

### D. Judge Francis's Second Report

The OCCF defendants moved to dismiss the Amended Complaint on the grounds that: (1) Quinn failed to exhaust his administrative remedies; (2) Orsino, Roome, and Karimi lacked personal involvement in the alleged constitutional deprivation; (3) Quinn failed to state a claim

for deliberate indifference; and (4) Quinn's pendant state claims for medical malpractice must be dismissed.

### 1. Administrative Exhaustion

Magistrate Judge Francis recommended that the OCCF defendants' motion to dismiss Quinn's claims regarding treatment of Hepatitis C, nasal spray, mail tempering, and permission to wear thermals should be granted for the same reasons given in his First Report: Quinn had failed to exhaust all administrative remedies as to those claims before filing his original Complaint. Judge Francis again found, however, that Quinn had properly exhausted his administrative remedies as to his claims for inadequate medical treatment for a cyst and brain tumor, anemia, gunshot wound, and back problems, and thus recommended that the motion to dismiss Quinn's Eighth Amendment claim based on treatment for those ailments, to the extent based on failure to exhaust such remedies, be denied.

### 2. Municipal Liability

Judge Francis addressed *sua sponte* whether Quinn had sufficiently stated a claim under § 1983 against defendants Orange County and CMC. To state a § 1983 claim against a municipality, the plaintiff must allege that an officially adopted policy or custom caused his injury. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Soc. Servs. of the City of New York et al.*, 436 U.S. 658, 694 (1978). Judge Francis found that, even taking all facts pleaded in the Amended Complaint as true, Quinn's single allegation that he was denied medical treatment because of "cost saving measures" was insufficient to raise an inference of the existence of a custom or policy under which OCCF would not provide constitutionally-mandated medical treatment to prisoners on account of cost. Accordingly, Judge Francis found that Quinn had failed to state a claim for

municipal liability, and thus recommended that all claims against Orange County and CMC be dismissed.

### 3. *Eighth Amendment*

Magistrate Judge Francis next addressed the OCCF defendants' argument that Quinn failed to state an Eighth Amendment claim because he failed to sufficiently allege that defendants acted with deliberate indifference to his health. Judge Francis incorporated his findings from the First Report that, given the more flexible standard applied to *pro se* complaints, Quinn had satisfied the objective prong of an Eighth Amendment claim. However, Judge Francis also found that Quinn failed to allege sufficient facts to support an inference that defendants Orsino or Roome knew of and disregarded an excessive risk to his health and safety. Therefore, Quinn's claims as to those two defendants failed to satisfy the subjective prong of such a claim. Accordingly, Quinn failed to state a claim under the Eighth Amendment against those defendants.

On the other hand, as to defendants Karimi and Levitas, Judge Francis found that Quinn had alleged sufficient facts to support an inference that they knew of and disregarded an excessive risk to his health and safety. As Judge Francis noted, in the Amended Complaint, Quinn alleged that Karimi, a doctor, was "not prescribing proper medications for other illnesses." Am. Compl. ¶ 27 (Dkt. 12). Judge Francis interpreted this statement to allege that Karimi had denied Quinn's request for treatment for his cyst, anemia, gunshot wound, and back problems. Further, Judge Francis inferred from Quinn's alleged repeated requests for pain medication that Karimi and Levitas, a nurse, should have known that whatever treatment Quinn had been receiving was ineffective or insufficient. At the motion to dismiss stage, Judge Francis stated, a court would be unable to evaluate whether the treatment provided by Karimi and Levitas in fact

met professional norms.  Accordingly, Judge Francis concluded, Quinn had alleged sufficient facts to support an inference that defendants Karimi and Levitas disregarded an excessive risk to his health and safety.  Judge Francis therefore recommended that the Eighth Amendment claim as to those claims should survive the motion to dismiss.

## II.     Discussion

### A.  Standard for Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When no timely objection has been made to the recommendations of a magistrate judge, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10-cv-5149, 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (slip op.) (internal quotation marks omitted).  When a timely objection has been made, the court is obligated to review the contested issues *de novo*.  *See Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998).

Objections of *pro se* litigants are "generally accorded leniency" and construed "to raise the strongest arguments that they suggest."  *Snyder v. Graham*, No. 09-cv-10307, 2012 WL 983526, at *2 (S.D.N.Y.  Mar. 22, 2012) (slip op.) (internal quotation marks omitted).  "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument."  *Pinkney v. Progressive Home Health Servs.*, No. 06-cv-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan,* 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

### B. Objections to Judge Francis's First Report

Quinn's sole objection to the First Report relates to the issue of administrative exhaustion. He argues that, contrary to Judge Francis's findings, although the grievance policy at the OCCF is "based on New York State's policy," it is "somewhat different." Pl.'s Objections to First Report (Dkt. 45) at 1. Plaintiff attached to his two-page submission a copy of the OCCF grievance policy.

Where a party makes only general objections, the Court reviews the report and recommendation only for clear error. *See Pinkney*, 2008 WL 2811816, at *1. Here, Quinn highlights the section of the grievance policy which states that, in the event a prisoner is released or transferred prior to the final resolution of his grievance, the grievance will continue absent the prisoner's participation. However, neither the objections themselves, nor the grievance policy he attaches, demonstrate that Quinn exhausted all available administrative remedies before filing the Complaint. Because his objections are general and at best restate the original arguments, the Report is reviewed for clear error as to the administrative exhaustion finding. The Court finds no such error.

Quinn did not object to Judge Francis's findings as to the Eighth Amendment claim or defendant Stewart's personal involvement. As such, the Court understands those findings to be without objection.

After reviewing the record, the Court finds that Judge Francis's well-reasoned and careful First Report is not facially erroneous, and it is therefore adopted in its entirety.

### C. Objections to Magistrate Judge Francis's Second Report

Courts are obliged to construe *pro se* pleadings to raise "the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006).

Accordingly, the Court construes Quinn's objection to the Second Report to assert the following arguments: (1) his § 1983 claims against Orange County and CMC should not be dismissed, because questions of fact remain that bear on whether denial of adequate care resulted from an official policy or custom in violation of the Eighth Amendment; (2) he exhausted all administrative remedies because the letters he sent were not "informal"; and (3) he exhausted all administrative remedies as to the Hepatitis C claim because, in the case of prisoner release or transfer, the formal grievance process in OCCF continues in the plaintiff's absence, and the grievance related to the Hepatitis C medical care has now been exhausted.

As to the first objection, Quinn fails to allege specific facts supporting his claim that questions of fact remain which bear on whether municipal liability exists under § 1983. *See Monell*, 436 U.S. 658. Accordingly, Judge Francis's findings as to municipal liability are reviewed for clear error. *See Pinkney*, 2008 WL 2811816, at *1. The Court finds no such error.

As to Quinn's second objection, Quinn has merely restated the original arguments in his pleadings. Accordingly, Judge Francis's finding that his letters to defendant Orsino were correspondence that did not satisfy the formal OCCF grievance procedures is reviewed for clear error. *See id.*; *see also Day v. Chaplin*, 354 F. App'x 472, 474 (holding that informal written complaints sent to prison officials that did not conform to administrative procedures failed to satisfy exhaustion standard). The Court again finds no such error.

As to Quinn's third objection, the Court reviews the claim *de novo*. Here, as in his objection to the First Report, Quinn attaches to his objections a copy of the OCCF grievance policy; however, in the Second Report, Quinn provides somewhat more of an explanation for his having cited the section governing procedures applicable in the event of prisoner release or transfer. *See* Pl.'s Objections to Second Report at 4 ("The magistrate judge himself states that

[9]

plaintiff can file new actions. (Why)? The grievance(s) are completed, concerning refusal to treat 'Hepatitis C'."). The Court understands Quinn, in effect, to assert that grievances initiated before the filing of the present action will satisfy the exhaustion requirement as long as the grievance reaches a final conclusion at some time during the litigation. However, as a matter of law, that claim is incorrect.

All grievances must be "fully pursued *prior* to filing a complaint in federal court." *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) (emphasis added); 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal Law, by a prisoner confined in any jail, prison or other correctional facility *until such administrative remedies as are available are exhausted*." (emphasis added)). In order to properly exhaust administrative remedies, a plaintiff's grievance must be appealed to, and decided by, the highest body provided by the administrative process. *See Booth v. Churner*, 532 U.S. 731, 735 (2001). According to the OCCF grievance procedures, the grievance process in a county jail in New York State is fully exhausted after the following steps are completed: (1) a grievance is filed with and denied by the Grievance Coordinator; (2) the denial of the grievance in appealed to and denied by the Chief Administrative Officer; and (3) the Citizens Policy and Complaint Review Council denies a final appeal of the grievance.

The fact that Quinn's grievance with respect to his medical treatment for Hepatitis C may today be exhausted, or the fact that his remaining grievances may become exhausted sometime in the future despite the fact that he is no longer incarcerated, does not assist Quinn here. The administrative exhaustion requirement directs courts to evaluate solely whether grievance procedures were satisfied *at the time that an action was initially filed*. Such was not the case

here. The Court therefore agrees with Judge Francis that Quinn failed to exhaust his administrative remedies as to the Hepatitis C claim.

Quinn again did not object to Judge Francis's findings as to the Eighth Amendment claims. As such, the Court understands those findings to be without objection.

After reviewing the record, the Court finds that Judge Francis's well-reasoned and careful Second Report is not facially erroneous, and it is therefore adopted by the Court.

### D. The First Amendment Claim

Because both of Judge Francis's Reports recommend dismissal of the mail tampering claim due to Quinn's failure to exhaust all available administrative remedies, the Reports do not address his mail tampering claim on the merits. In the interests of judicial economy, the Court finds occasion to address the mail tampering claim here.

Courts in this Circuit have an obligation to construe *pro se* complaints to raise "the strongest arguments they suggest." *See Triestman*, 470 F.3d at 474–75. Both legal and non-legal mail are protected by the First Amendment's "right to the free flow of incoming and outgoing mail." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "[A] prison official's interference with an inmate's mail may violate his First Amendment right to free speech, which includes the right to be free from unjustified governmental interference with communication." *Cancel v. Goord*, No. 00-cv-2042, 2001 WL 303713, at *5 (S.D.N.Y. Mar. 29, 2001) (internal quotation marks omitted).

To survive a motion to dismiss, "a plaintiff must allege that correction officers 'regularly and unjustifiably' interfered with his mail, depriving him of his constitutional rights." *Edwards v. Horn*, No. 10-cv-6194, 2012 WL 760172, at *7 (S.D.N.Y. Mar. 8 2012) (slip op.) (quoting *Shepherd v. Fisher*, No. 08-cv-9297, 2011 WL 3278966, at *2 (S.D.N.Y. July 27, 2011)). To

assert such a claim, a prisoner must allege that the defendant's actions in tampering with plaintiff's mail (1) "resulted in actual injury" to the plaintiff, and (2) were "deliberate and malicious." *Cancel,* 2001 WL 303713, at \*4 (quoted in *Davis*, 320 F.3d at 351).  The first prong is objective, and courts must find that actual injury exists where interference with legal mail results in "the dismissal of an otherwise meritorious legal claim." *Davis*, 320 F.3d at 351. However, "[m]ere delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Id.* at 352 (citations and quotation marks omitted).  The second prong is a subjective one, requiring "specific allegations of invidious intent." *Id.* at 351.

Quinn's allegations fail to satisfy either prong.  First, Quinn fails to allege that any tampering with his legal mail caused him actual injury or in any way obstructed his ability to litigate his claims.  He merely makes conclusory allegations, asserting that defendants "tamper[ed], interfered, and obstructed . . . legal . . . confidential correspondence," with no assertions as to the motivation behind the alleged tampering, or as to any actual injury caused by it. Am. Compl. ¶ 33.  On the contrary, Quinn has litigated his case capably and without any evident impediment.  He submitted timely objections to both Reports, and did not seek nor require extensions to deadlines based on any inability to receive court documents.  Second, Quinn does not state any facts that support the inference that corrections officers tampered with his mail in a deliberate or malicious way.  Because Quinn failed to allege invidious intent, or that defendants' alleged interference with his mail affected his ability to litigate this case, his First Amendment mail tampering claim must be dismissed with prejudice.

[12]

**CONCLUSION**

For the foregoing reasons, the Court accepts and adopts Magistrate Judge Francis's July 26, 2011 Report and Recommendation (Dkt. 42) and his January 18, 2012 Report and Recommendation (Dkt. 67), and supplements these Reports with the analysis of the First Amendment claim herein.

It is hereby ordered that: (1) plaintiff's claims against defendants Orange County and CMC are DISMISSED with prejudice; (2) plaintiff's Eighth Amendment claims against defendants Stewart, Orsino, and Roome are DISMISSED with prejudice; and (3) plaintiff's First Amendment mail tampering claim against defendants, generally, is DISMISSED with prejudice.

It is further ordered that plaintiff's Eighth Amendment claims of inadequate treatment for Hepatitis C and an erroneous prescription for nasal spray, as to defendants Karimi and Levitas, are DISMISSED without prejudice to re-filing upon exhaustion of all available administrative remedies.

It is further ordered that the OCCF defendants' motion to dismiss plaintiff's Eighth Amendment claim alleging inadequate medical care for a cyst, anemia, a gunshot wound, and back problems is DENIED as to defendants Karimi and Levitas.  Accordingly, plaintiff's Eighth Amendment claim as to defendants Karimi and Levitas remains in the case.  Defense counsel is directed to submit a proposed case management plan, including proposed deadlines for completion of all remaining discovery, to the Court by April 20, 2012.

The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith.  The Clerk of Court is directed to terminate the motions at docket items 32 and 53, and to terminate defendants Stewart, Roome, Orsino, Correctional Medical Care, and County of Orange, from this case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: April 2, 2012
       New York, New York