UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RICHARD N. QUINN,

                             Plaintiff,

       -v-

LORRAINE LEVITAS and MARIA KARIMI, MD,

                            Defendants.
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/9/13
```

10 Civ. 8692 (PAE) (JCF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is the December 13, 2012, Report and Recommendation of Magistrate Judge James C. Francis IV that the Court grant defendants' summary judgment motion. Dkt. 120 (the "Report"). For the reasons that follow, the Court adopts the Report in full, and defendants' summary judgment motion is granted.

I. **Background**

Quinn, a plaintiff *pro se*, filed his complaint on November 9, 2010, pursuant to 42 U.S.C. § 1983. Dkt. 2. On January 4, 2011, Quinn amended his complaint. Dkt. 12. Quinn alleges violations of his Eighth Amendment rights to adequate medical care and his First Amendment right to send and receive mail.

On April 2, 2012, the Court dismissed with prejudice Quinn's claims against defendants Stewart, Orsino, Roome, CMC, and Orange County, and Quinn's First Amendment mail tampering claim in its entirety. The Court also dismissed Quinn's Eighth Amendment claims of inadequate treatment for Hepatitis C and an erroneous prescription for nasal spray against defendants Karimi and Levitas, without prejudice to re-filing upon exhaustion of all available

[1]

administrative remedies.  Thus, only Quinn's Eighth Amendment claim as to defendants Karimi and Levitas remains in the case.

On November 19, 2012, defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Dkt. 110–118.  Quinn opposed the motion, but did not file a responsive statement of undisputed facts as required under Local Civil Rule 56.1.  Dkt. 119, Ex. A.  On December 13, 2012, Judge Francis issued the Report, recommending that the defendants' motion for summary judgment be granted because there is neither evidence that Quinn suffered a sufficiently serious deprivation of medical care, nor that defendants acted with deliberate indifference.  Dkt. 120.  The deadline for Quinn to file objections to the Report was December 27, 2012.  He has filed no objections.

## II.  Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Quinn has proffered no objections to the Report, so a review for clear error is appropriate.  Careful review of the Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.  Because the Report explicitly states that "[f]ailure to file timely objections will preclude appellate review," Report at 21, Quinn's failure to object operates as a waiver of

appellate review. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report (Dkt. 120) in full. Defendants' motion for summary judgment is hereby GRANTED. The Clerk of Court is directed to terminate the case.

SO ORDERED.

*[signature]*
Paul A. Engelmayer
United States District Judge

Dated: January 9, 2013
      New York, New York