UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/27/13

------------------------------------------------------------------------X

RICHARD N. QUINN,

                                Plaintiff,

              -v-

LORRAINE LEVITAS and MARIA KARIMI, MD,

                                Defendants.

------------------------------------------------------------------------X

10 Civ. 8692 (PAE) (JCF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is plaintiff Richard N. Quinn's motion for reconsideration pursuant to

Federal Rule of Civil Procedure 60. Dkt. 128. On January 9, 2013, the Court issued an Opinion

and Order ("Opinion") (Dkt. 121), which adopted, without objection from Quinn, the December

13, 2012 Report and Recommendation ("Report") of the Honorable James C. Francis IV. On

January 28, 2013, Quinn simultaneously filed a notice of appeal and a Rule 60 motion for

reconsideration. For the reasons that follow, Quinn's motion for reconsideration is denied.

Accordingly, defendants' summary judgment motion is granted.

I.        **Discussion**

The Court assumes familiarity with the January 9 Opinion and the facts of this case.

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its

legal representative from a final judgment, order, or proceeding" because of "mistake,

inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief" (among

other reasons, not relevant here). Fed. R. Civ. P. 60(b).

In seeking reconsideration, Quinn contends that the Court failed to consider objections

that he submitted in response to Judge Francis's Report. Attached to one version of his motion,

*see* Dkt. 129, Quinn included an affidavit he purports to have sent "in opposition to" Judge

Francis's Report.

If Quinn had, in fact, submitted objections to the Court that went unconsidered in

reviewing the Report, that would be a compelling reason for reconsideration under Rule

60(b)(6): Whether a party objects determines what standard of review to apply in reviewing a

report and recommendation. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

The affidavit that Quinn attaches here, however, does not contain objections to the

Report. Both the affidavit and the affirmation of service he attaches are dated November 20,

2012—nearly a month before the Report was issued. In fact, what Quinn attaches here is his

*opposition* to the summary judgment motion. *See* Dkt. 119, Ex. A. This submission was

considered by Judge Francis in his Report, and expressly referenced by the Court in its Opinion.

*See* Opinion 2 ("Quinn opposed the motion, but did not file a responsive statement of undisputed

facts as required under Local Civil Rule 56.1. Dkt. 119, Ex. A.").

Quinn has also failed to allege that he met the standard for excusable neglect in failing to

submit timely objections. *See Pollard v. Does*, 452 F. App'x 38, 40 (2d Cir. 2011), *cert. denied*,

132 S. Ct. 2399 (U.S. 2012). Nor, to this date, has the Court received any objections to the

Report. Accordingly, no objections having been received, a review for clear error was

appropriate.

As the Court previously explained in the Opinion, Quinn's failure to object also operates

as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir.

2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

2

## CONCLUSION

For the reasons stated herein, the Court denies Quinn's Rule 60 motion for

reconsideration. The Clerk of Court is directed to terminate the case.


SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: June 26, 2013
       New York, New York

3